**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**OLGA OSORIO BENITEZ,**

       **Petitioner,**

**vs.**                                   **Case No. 4:10cv480-MP/WCS**

**UNITED STATES OF AMERICA,**

       **Respondent.**

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum. Docs. 1 and 2. She later paid the filing fee.

An order to show cause was entered. Doc. 8 (incorporated herein by reference). As explained there, Petitioner challenges the judgment of the Northern District of Texas, and is seeking relief generally cognizable under § 2255. Under the "savings clause" of 28 U.S.C. § 2255, to proceed in habeas corpus Petitioner must show that the § 2255 remedy "is inadequate or ineffective to test the legality of [her] detention." § 2255(e).

---

[1] This amended Report and Recommendation is being entered solely because the prior recommendation entered March 24, 2011, doc. 12, was mislabeled as an order to show cause to Petitioner.

To satisfy the savings clause, Petitioner must show that her claim is based on a retroactively applicable Supreme Court decision establishing that she was convicted of a nonexistent defense and that circuit law had squarely foreclosed the claim at the time of trial, appeal, or first § 2255 motion.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).  The savings clause does not exist simply "to free a prisoner of the effects of [her] failure to raise an available claim earlier."  177 F.3d at 1245 (citations omitted).[2]

The show cause order clearly directed that "[t]he response must specifically address each of the three requirements stated in Wofford," as set forth in the order. Doc. 8, p. 3.

Petitioner filed a response to the show cause order.  Doc. 11.  She claims actual innocence and conviction of a nonexistent offense, but does not cite any prior circuit law or any retroactively applicable Supreme Court case in support.  She is not entitled to proceed by habeas corpus petition.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging the judgment of the Northern District of Texas, be summarily **DISMISSED** as Petitioner is not entitled to proceed under the savings clause of § 2255.

**IN CHAMBERS** at Tallahassee, Florida, on April 5,  2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Petitioner sought and was denied leave to file a second or successive § 2255 motion by the Fifth Circuit Court of Appeals more than once.  Doc. 8, p. 3 and n. 1.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**